IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-01370-CMA-KLM

EDILBERTO CANO-RODRIGUEZ,

    Plaintiff,

v.

ADAMS SCHOOL DISTRICT NO. 14, a political and quasi-municipal subdivision,
JAVIER ABREGO, in his individual capacity, and
ARCELIA BURGOS, in her individual capacity,

    Defendants.

---

## ORDER AFFIRMING JULY 23, 2020 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before the Court on the Recommendation (Doc. # 83) of United States Magistrate Judge Kristen L. Mix, wherein she recommends that this Court grant Plaintiff Edilberto Cano-Rodriguez's Motion for Leave to File Third Amended Complaint (Doc. # 73). Defendants filed an Objection (Doc. # 87) to the Recommendation on August 6, 2020. For the following reasons, the Court affirms the Recommendation.

### I.  BACKGROUND

Judge Mix's Recommendation provides a recitation of the factual and procedural background of this dispute and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only what is necessary to address Defendants' objections.

This is an employment discrimination case. In his Second Amended Complaint, Plaintiff alleges that Defendants discriminated against him on the basis of his race and association with Hispanic individuals. (Doc. # 34 at 1.) Plaintiff further alleges that Defendants retaliated against him by terminating his employment after he filed "a complaint with the United States Department of Education, Office of Civil Right and rais[ed] the issue with a community of professionals in bilingual education with whom he was associated . . . ." (*Id.* at 2.)

The deadline for submitting amended pleadings was October 11, 2019. (Doc. # 35 at 2.) On April 22, 2020, Judge Mix issued a Recommendation (Doc. # 70), which determined that Defendants' Motion to Dismiss (Doc. # 41) should be granted in part and denied in part. Rather than filing an Objection to the Recommendation, Plaintiff filed the instant Motion to Amend (Doc. # 73) on May 6, 2020. The Motion addresses some of the issues Judge Mix identified in the April 22 Recommendation and eliminates various claims that Plaintiff raised in his Second Amended Complaint.

## II.     STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept,

reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In the absence of a timely objection, however, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

## III.   DISCUSSION

Defendants argue that Plaintiff's proposed amendments regarding his municipal liability claim are futile. Additionally, Defendants assert that Plaintiff has not shown good cause to amend. The Court disagrees.

Rule 15(a)(2) directs a trial court to "freely give leave [to amend a complaint] when justice so requires." It is a rule intended "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Mintowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). However, if there is "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought" need not be granted.

*Minter*, 451 F.3d at 1204 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("The grant or denial of an opportunity to amend is within the discretion" of the trial court)).

## A. UNDUE DELAY & PREJUDICE

The Court notes that Defendants did not raise specific objections to Judge Mix's determinations that (1) "Plaintiff has provided an adequate explanation for his delay and that any delay under the present circumstances does not rise to the level of 'undue'" and (2) Defendants have failed to show that they will suffer prejudice if the Court grants Plaintiff's Motion to Amend. (Doc. # 83 at 10, 12.) Upon review, the Court concludes that Judge Mix's thorough and comprehensive analyses and recommendations are correct and that "there is no clear error on the face of the record." Fed. R. Civ. P. 72 Advisory Committee's Note. Therefore, the Court adopts the above-referenced sections of the Recommendation as the findings and conclusions of this Court.

Thus, Plaintiff did not unduly delay in raising the instant Motion and Defendants did not establish that further amendment would cause any significant prejudice. Notably, prejudice is the most important factor in considering whether a plaintiff should be permitted to amend a complaint. *See Minter*, 451 F.3d at 1207.

## B. FUTILITY

A proposed amendment is futile "if the complaint, as amended, would be subject to dismissal." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) (quoting *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007)).

In order to state a claim for municipal liability, a plaintiff must show "(1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Bd. of Cnty. Comm'rs of Oklahoma Cnty.*, 151 F.3d 1313, 1316 (10th Cir. 1998). Plaintiff asserts that he obtained facts through the discovery process that are necessary to plead a pattern of multiple similar instances of discrimination to establish an informal policy or custom of misconduct. *Griego v. City of Albuquerque*, 100 F. Supp. 3d 1192, 1213 (D.N.M. 2015). Defendant argues that Plaintiff's proposed amendments would be subject to dismissal for failure to state a claim or failure to raise a genuine dispute of material fact.[1]

The Court finds that these issues would be better and more efficiently addressed after Plaintiff's amended complaint is in place and Defendants have had an opportunity to revise their motion to dismiss to address Plaintiff's allegations, if they choose to file such a motion. *Stender v. Cardwell*, No. 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011); *see also Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (noting that defendant's futility argument "seems to place the cart before the horse"). Consequently,

> the Court—preserving its scarce resources—will not at this time consider the question whether the amendments should be denied on grounds of futility because they fail to state plausible claims for relief. The Court will

---

[1] It is premature to consider whether there is a genuine dispute of material fact because discovery is still ongoing. (Doc. # 86) (granting Defendants' Unopposed Motion for Extension of Time to Complete Discovery and File Dispositive Motions).

consider that question if and when Defendants file a motion to dismiss on those grounds.

*Stender*, 2016 WL 1235414, at *3; *see, e.g., Great N. Ins. Co. v. 100 Park Ave. Homeowners Ass'n, Inc.*, No. 16-cv-02009-JLK, 2019 WL 9355717, at *2 (D. Colo. Sept. 11, 2019) ("briefing on a motion for leave to amend is not the proper means for testing the sufficiency of the complaint."); *Pollack v. Boulder Cty.*, No. 17-cv-02444-CMA-NRN, 2019 WL 1292858, at *4 (D. Colo. Mar. 21, 2019) (declining to engage in futility analysis because briefing on a motion to dismiss would be a superior means of analyzing whether plaintiff stated a claim); *Faircloth v. Hickenlooper*, No. 18-cv-01249-RM-STV, 2019 WL 1002935, at *3 (D. Colo. Mar. 1, 2019) ("To the extent the Opposing Defendants believe the allegations against them remain deficient, the Court finds that such arguments would be better and more efficiently addressed through motion(s) to dismiss the Proposed Third Amended Complaint."); *Four Winds Interactive LLC v. 22 Miles, Inc.*, No. 16-cv-00704-MSK-STV, 2016 WL 9735783, at *2 (D. Colo. Oct. 31, 2016) (same); *Estate of Dixon v. Bd. of Cty. Comm'rs of Crowley Cty.*, No. 15-cv-02727-NYW, 2016 WL 931274, at *3 (D. Colo. Mar. 11, 2016) (granting motion to amend and denying as moot motions to dismiss).

Therefore, Plaintiff's Proposed Third Amended Complaint is accepted for filing pursuant to Fed. R. Civ. P. 15(a).[2]

---

[2] Where, as here, a plaintiff has filed a motion to amend after the applicable scheduling order deadline has passed, the plaintiff must show good cause for seeking modification of the scheduling order under Fed. R. Civ. P. 16(b)(4). *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015). The Court has already determined that Plaintiff has provided an adequate explanation for his delay in raising the instant Motion. *See supra* Section III(A). Moreover, the Court agrees with Judge Mix that Plaintiff has shown that, after the amendment deadline

6

## IV. CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

- The Recommendation of Magistrate Judge Mix (Doc. # 83) is AFFIRMED AND ADOPTED as an order of this Court;

- Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. # 73) is GRANTED;

- Plaintiff is DIRECTED to file a clean copy of the Third Amended Complaint (Doc. # 73-1) on or before **August 18, 2020**; and

- Defendants' Motion to Dismiss (Doc. # 41) is denied as moot.

- The Recommendation of Magistrate Judge Mix (Doc. #70) is denied as moot.

DATED: August 11, 2020

                                                BY THE COURT:

                                                CHRISTINE M. ARGUELLO
                                                United States District Judge

---

passed, he became aware of relevant facts through discovery, which constitutes good cause to amend the Scheduling Order. (Doc. # 83 at 4–8.)